UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **LAWANDA JOHNETTE WILEY,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:20-cv-01155-RDP |
| **KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,** | } |
| **Defendant.** | } |

## MEMORANDUM OF DECISION

Plaintiff Lawanda Wiley brings this action pursuant to § 205(g) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her claims for a period of disability and disability insurance benefits ("DIB"). *See* 42 U.S.C. § 405(g). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.     Proceedings Below**

Plaintiff filed her application for disability and DIB on November 28, 2017, alleging an onset date of disability of July 26, 2016 (R. 100, 172-78), which was later amended to July 29, 2016. (R. 46, 194). Plaintiff alleged the following conditions: lower back pain, hip pain, feet and ankles swelling, bilateral shoulder pain, arthritis, diabetes, degenerative bone disease, and high blood pressure. (R. 88-89). Plaintiff's application was initially denied on January 31, 2018, and Plaintiff filed a written request for hearing on March 9, 2018. (R. 30). Plaintiff appeared before Administrative Law Judge Doug Gabbard, II ("ALJ") on August 22, 2019. (*See* R. 44-87). Bonnie

Ward, a vocational expert ("VE"), also participated in the hearing. (R. 76-85). The ALJ determined that Plaintiff had not been under a disability within the meaning of 20 C.F.R. 404.1520(f) from July 29, 2016, through September 25, 2019 (the date of the ALJ's decision). (R. 43). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. 1), that decision became a proper subject of this court's appellate review as the final decision of the Commissioner.

Plaintiff is a fifty-three-year-old woman with a high school diploma. (R. 53, 88). She has experience working as an office manager, forklift operator, daycare worker, and material handler. (R. 53-59). Plaintiff maintains a moderate activity level, including walking and jogging 2-3 times per week. (R. 539). The ALJ noted that she remains independent and does not need reminders to take care of her personal needs (*e.g.*, prepare simple meals, drive alone, pay bills, and handle her finances). (R. 41).

In January 2018, Dr. Anand Sathyan Iyer prepared a Disability Determination Explanation. (R. 88-99). Dr. Iyer conducted a physical and found that Plaintiff suffered from moderate distress as a result of her pain. (R. 92). Dr. Iyer noted that Plaintiff had "no difficulty squeezing, making a fist, opposing digits, buttoning and buckling." (*Id.*). Dr. Iyer included in his findings that Plaintiff suffered from severe dysfunction of major joints and from fibromyalgia. (R. 93). Dr. Iyer opined that while Plaintiff's medically determinable impairments could reasonably produce some of her symptoms, her recent exams did not support the severity of the symptoms alleged. (R. 94-95). A Residual Functional Capacity Assessment performed by Dr. Gloria Sellman was included in the Disability Determination Explanation. (R. 95). Dr. Sellman opined that Plaintiff had the residual function capacity to perform light work. (R. 98). Dr. Sellman included various exertional, postural, manipulative, and environmental limitations in her findings. Dr. Robert Estock performed a psychiatric review of Plaintiff that was included in the Disability Determination Explanation. (R.

93). Dr. Estock opined that Plaintiff suffered from non-severe depression and bipolar and other related disorders. (*Id.*). However, Dr. Estock noted that these non-severe impairments only resulted in mild limitations. (*Id.*). The ALJ found the opinions of Drs. Iyer, Sellman, and Estock persuasive. (R. 41).

In August 2019, Dr. Pascual Herrera completed a Physical Capacities Form and Mental Health Source Statement in connection with Plaintiff's application. (R. 1006-07). Without providing objective medical evidence for support, Dr. Herrera opined that Plaintiff was disabled due to bipolar disorder, degenerative joint disease, fibromyalgia, lupus, dizziness, and narcosis. (*Id.*). The ALJ did not find the opinions of Dr. Herrera persuasive. (R. 41-42). Indeed, the ALJ outlined numerous discrepancies between Dr. Herrera's opinions and the record as a whole: X-ray imaging of Plaintiff reveals only mild and age-related degenerative disc disease (R. 623); there is no evidence of significant degenerative joint disease in Plaintiff's hips (R. 742); chest x-rays from November 2016 were normal and showed no acute findings (R. 585); pulmonary function testing in November 2016 revealed only mild airway obstruction (R. 580); bilateral foot x-rays in September 2017 revealed only a very small plantar spur but no other abnormalities (R. 583-84); repeated imaging of the lower back and bilateral hips showed no acute findings or significant arthritis despite Plaintiff's complaints of worsening hip pain (R. 895); and repeated chest x-rays in January 2018 revealed only mild pulmonary vascular congestion but no evidence for pneumonia (R. 735).

The ALJ noted that severe pain will often result in certain observable manifestations such as weight loss and muscular atrophy, but that none of the common signs of severe pain exist in Plaintiff's case. (R. 40). The ALJ acknowledged that the evidence establishes underlying medical conditions capable of producing some pain or other limitations. (R. 42). However, the ALJ

concluded that the substantial evidence of record does not confirm disabling pain, nor does it support a conclusion that the objectively determined medical conditions were so severe that they could reasonably be expected to give rise to disabling pain. (*Id.*).

## II.     ALJ Decision

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as activity that is both "substantial" and "gainful." 20 C.F.R. § 1572. "Substantial" work activity is work that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. 20 C.F.R. § 404.1572(b). If the ALJ finds that the claimant engages in activity that meets both of these criteria, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R.

§ 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 29, 2016. (R. 32). At step two, the ALJ found that Plaintiff has the following severe impairments: hip, shoulder, and knee degenerative joint disease; back degenerative disc disease; fibromyalgia; lupus; and chronic obstructive pulmonary disease/asthma. (R. 33). At step three, however, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 36).

Considering the entire record, the ALJ found that Plaintiff has the residual function capacity to perform light work as defined by 20 C.F.R. 404.1567(b). (R. 37). Next, at step four, the ALJ decided that Plaintiff was capable of performing her past relevant work as an office manager. (R. 42). Thus, the ALJ concluded that Plaintiff has not been under a disability from July 29, 2016, through the date of his decision. (R. 43).

### III.   Plaintiff's Argument for Remand or Reversal

Plaintiff contends the ALJ erred in determining that she could perform the work of an office manager because (1) the ALJ misapplied the Eleventh Circuit standard for evaluating pain and

disregarding medical opinions, (2) the ALJ erred when he determined that her daily activities diminished the persuasiveness of her allegations, (3) the ALJ failed to develop the particulars of her past relevant work, (4) the ALJ relied on testimony by the vocational expert that was not based on a correct or full statement of her limitations, and (5) the ALJ did not properly analyze her fibromyalgia.

## IV. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited

in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

After careful review and for the reasons stated below, the court concludes that the ALJ's determination is due to be affirmed.

### A. The ALJ Properly Applied the Eleventh Circuit's Standard for Evaluating Disabilities Due to Pain and for Disregarding Medical Opinions

When a claimant alleges disability based on her pain, the Eleventh Circuit applies a three-part "pain standard." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Under that standard, the claimant must show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Thus, if a claimant testifies to disabling pain and satisfies two parts of the three-part pain standard, the ALJ must find a disability *unless* the ALJ properly discredits the claimant's testimony. *See Thomas v. Comm'r of Soc. Sec. Admin.*, 2020 WL 7352571, at *2 (emphasis added).

An ALJ cannot discredit testimony without articulating "explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). If the ALJ does not provide reasons for rejecting subjective pain testimony, then the ALJ is deemed as a matter of law to have accepted the testimony as true. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). "Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence." *Id.* Therefore, if the ALJ fails to articulate his reason for refusing to credit the claimant's pain testimony or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the claimant's pain testimony and render a finding of disability.

In this case, Plaintiff argues that the ALJ erred by "holding that objective evidence was required to substantiate pain" and by "never rul[ing] on whether [Plaintiff's] objectively determined medical condition[s] can reasonably be expected to give rise to the claimed pain." (Pl.'s Mem. at 25). Plaintiff further asserts that the ALJ erred by not placing substantial weight on Dr. Herrera's medical opinions of Plaintiff's pain. (*Id.* at 27-29). Plaintiff's arguments are misplaced.

The ALJ determined that Plaintiff suffered from underlying medical conditions and that those "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 38). In other words, the ALJ decided that Plaintiff satisfied two parts of the three-part pain standard. But, as stated above, meeting two parts of the three-part pain standard is insufficient for a claimant to establish a disability. The ALJ may discredit the claimant's testimony by offering "explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1559.

Here, the ALJ offered such reasoning -- which was supported by substantial evidence -- for discrediting Plaintiff's testimony. As the ALJ acknowledged, the MRI of Plaintiff's lumbar spine showed only mild, age-related degenerative disc disease, a small central annular fissure, and minimal stenosis; there is no evidence of any significant degenerative disc disease in Plaintiff's hips; the chest x-ray in November 2016 was normal; the pulmonary function testing in November 2016 showed only mild airway obstruction; bilateral foot x-rays in September 2017 showed only a small plantar spur; repeated imaging of the lower back and bilateral hips showed no acute findings or significant arthritis; repeated chest x-rays in January 2018 showed only mild pulmonary vascular congestion; a workup in August 2018 showed only mild age-related degenerative changes of the lumbar spine and no evidence of significant degenerative joint disease in either hip; and a nuclear medicine bone scan in October 2018 showed no evidence of skeletal disease. (R. 39).

Further, and as the ALJ also noted, Plaintiff denied having chronic pain during a rheumatology visit in August 2019; a January 2018 examination noted Plaintiff showed no muscle atrophy and normal strength; several examinations showed Plaintiff maintained a full range of motion; and Plaintiff maintained a semi-active lifestyle, including walking and jogging two to three times a week. (R. at 39-40).[1] After reviewing this evidence, the ALJ concluded that although "[Plaintiff] may indeed [have] experience[d] some discomfort … [t]he objective medical evidence in this case establishes that, contrary to her allegations of disabling pain, [Plaintiff] has exhibited relatively mild symptoms." (R. at 40).

The Eleventh Circuit has repeatedly told us that a claimant's testimony may be discredited through an ALJ's reliance on objective medical evidence. *See Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986) (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)) ("[T]he Secretary must give specific reasons for discrediting testimony regarding subjective pain which is supported by clinical evidence of a condition that can reasonably be expected to produce the symptoms of which the claimant complains."); *see also Wilson*, 284 F.3d at 1226 (concluding that "the ALJ made a reasonable decision to reject [the claimant]'s subjective testimony [by pointing to] medical and other evidence [that] simply was not consistent with [the claimant]'s alleged disabling pain"). Because the ALJ properly relied on the above evidence in discrediting Plaintiff's testimony, the ALJ did not err in applying the standard for evaluating pain testimony.

Plaintiff also asserts that the ALJ erred by not giving substantial weight to Dr. Herrera's opinions as to her physical capacities. (Pl.'s Mem. at 27-29; Pl.'s Rep. at 5-9). But, for claims like Plaintiff's that were filed on or after March 27, 2017, the Social Security Administration's revised

---

[1] There were some inconsistencies in the range of motion tests. Namely, some of the examinations showed Plaintiff had an abnormal range of motion in the cervical spine, lumbar spine, bilateral shoulders, bilateral hips, and bilateral knees. (R. at 39).

9

regulations do not permit the reviewing ALJ to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a); *see Glasby v. Saul*, 2021 WL 2562420, at *2 (N.D. Ala. May 3, 2021) (rejecting identical argument raised by Plaintiffs' counsel on the grounds that "the Commissioner revised social security regulations regarding the evaluation of medical evidence for all claims filed on or after March 27, 2017"). Instead of requiring deference to a treating physician as a general rule, the revised regulations require the ALJ to consider various factors in determining the persuasiveness of a medical opinion, including "the objective medical evidence and supporting explanations presented by [the] medical source" and the "consistency [of] the medical opinion … with the evidence from other [ ] sources." 20 C.F.R. § 404.1520c(c)(1), (2).

The ALJ properly applied these factors and determined that Dr. Herrera's opinions were unpersuasive because Dr. Herrera "provided no medical findings to support his opinions" and his "opinions are inconsistent with [the evidence]." (R. at 41).[2] The ALJ compared Dr. Herrera's assessment -- which listed bipolar, degenerative joint disease, fibromyalgia, lupus, dizziness, and narcosis as causing Plaintiff's disabilities -- to (1) imaging that showed only mild and age-related degenerative disc disease, (2) records noting that Plaintiff showed no evidence of significant degenerative disc disease in her hips, (3) a bone scan that showed no evidence of skeletal disease, (4) a CT of her abdomen and chest, (5) Plaintiff's medication usage history, and (6) records of Plaintiff's mental and cognitive state. (R. 42-43). Thus, the ALJ properly applied the new binding

---

[2] Although the revised regulations provide five factors to be used in determining the persuasiveness of a medical opinion, the only factors an ALJ must consider are "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2). Both of these factors were considered by the ALJ. (R. at 41).

10

regulations when he determined Dr. Herrera's opinions were not to be accorded substantial weight.[3]

### B. The ALJ Did Not Err by Determining That Plaintiff's Daily Activities Diminish the Persuasiveness of Her Allegations

Plaintiff next argues that the ALJ erred when he determined that her daily activities diminished the persuasiveness of her allegations. (Pl. Mem. at 29-30). Specifically, Plaintiff argues that the ALJ acted contrary to Eleventh Circuit precedent when he discredited her pain testimony, in part, by finding that "her daily activities are not entirely consistent with her allegations of disabling symptoms." (R. at 40). This argument is also without merit.

It is well-recognized that an ALJ may not rely on "limited activities … [to] rule out the presence of disabling pain." *Early v. Astrue*, 481 F. Supp. 2d 1233, 1238 (N.D. Ala. 2007); *see Smith v. Califano*, 637 F.2d 968, 971 (3d Cir. 1981) ("[S]tatutory disability does not mean that a claimant must be a quadriplegic or an amputee. … Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity."); *Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir. 1989) ("[A]n applicant need not be completely bedridden or unable to perform any household chores to be considered disabled."). But, although "participation in everyday activities of short duration, such as homework or fishing [do not] disqualif[y] a claimant from disability," *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), more strenuous activities of longer duration can be considered as evidence a claimant is not disabled. *See, e.g.*,

---

[3] Even if Plaintiff's claim had been filed before March 27, 2017, under previous Eleventh Circuit precedent, the ALJ was not required to award Dr. Herrera's opinions substantial weight. Under the prior line of case law, an ALJ does not need to give a treating physician's medical opinion substantial weight if "good cause" existed for discrediting the treating physician's opinion. *Cain v. Comm'r of Soc. Sec.* 777 Fed. App'x 408, 409 (11th Cir. 2019). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Because Dr. Herrara's opinions were not bolstered by substantial evidence, were contrary to the record evidence, and were conclusory, the ALJ was not required to accord those opinions substantial weight.

*Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (holding that the ALJ properly referenced the claimant's ability to mow the lawn, shop, and do chores as support for his conclusion that the claimant was not disabled).

In determining that Plaintiff's testimony was not persuasive, the ALJ noted that despite claiming "hand problems, medication side effects, and requir[ing] a sit/stand option," Plaintiff "needs no reminders with taking care of personal needs, grooming[,] or with taking medications"; "prepares simple meals"; "go[es] out alone and drive[s] when not under medication"; "pay[s] bills and handle[s] her finances"; and "is involved in a moderate level of activity that includes exercising 2-3 times a week (walking and jogging)."[4] (*Id.* at 40-41). These activities -- exercising 2-3 times a week in particular -- are sufficiently strenuous to rise above the sort of "limited activities" that may remain consistent with a disability finding. *Early*, 481 F. Supp. 2d at 1238. Accordingly, there is substantial evidence in the record to support the ALJ's decision that Plaintiff's daily activities were inconsistent with her pain testimony.

### C. The ALJ Correctly Determined That Plaintiff Can Perform Past Work

Next, Plaintiff contends that when the ALJ determined she could perform the work of an office manager as it is generally performed in the national economy, the ALJ (1) failed to develop the particulars of her past relevant work and (2) relied on testimony by the vocational expert that

---

[4] The court notes that Plaintiff testified to struggles with some daily activities: needing assistance getting ready in the morning from her granddaughter; taking "forever" to prepare sandwiches; driving under medication; and experiencing her hands constantly shaking. (R. 65-68, 76, 216-19). However, it is not the court's role to reconsider the facts, reevaluate the evidence, or substitute its judgment. Rather, the court's role is to decide whether the Commissioner's factual findings are supported by substantial evidence and based on the proper legal standards. Here, the court readily concludes that the Commissioner's factual findings discrediting Plaintiff's level of pain and ability to perform daily activities is supported by substantial evidence.

was not based on a correct or full statement of her limitations. (Pl.'s Mem. at 31-35, 37).[5] The court addresses both arguments in turn.

### 1. The ALJ Properly Developed the Particulars of Plaintiff's Past Relevant Work

Before determining whether a claimant can perform past relevant work, the ALJ must first determine the claimant's RFC, which is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). In assessing the claimant's RFC, the ALJ must rely on the relevant evidence in the case. *Id.*; *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Using that information, the ALJ makes the RFC determination by considering the claimant's ability to sit, stand, walk, lift, carry, push, pull, stoop, crouch, and reach. 20 C.F.R. § 404.1545(b).

"Along with [a claimant's] age, education and work experience, the claimant's [RFC]" is then used both to determine whether the claimant can return to her past relevant work under the fourth step or whether the claimant can adjust to a similar job generally performed in the national economy under the fifth step. *Lewis*, 125 F.3d at 1440; 20 C.F.R. § 404.1520(e). To determine the physical exertion requirements of jobs in the national economy, the ALJ classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. And, to properly determine which category a job falls under, the ALJ develops a "full and fair record" of the claimant's past work. *Holder v. Soc. Sec. Admin.*, 771 F. App'x 896, 899 (11th Cir. 2019) (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)). However, it is ultimately

---

[5] Plaintiff's briefing is unclear regarding the exact argument she is raising and could also be read as asserting that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence. (Pl.'s Mem. at 31-32). But, to the contrary, the ALJ relied on substantial evidence in determining Plaintiff's RFC including Plaintiff's medical records, objective evidence of Plaintiff's conditions, and Plaintiff's daily activities. (R. at 37-42).

the claimant's burden to demonstrate that she cannot return to past relevant work either as she actually performed it *or* as it is generally performed in the national economy. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990); *Simpson v. Comm'r*, 423 Fed. Appx. 882, 884 (11th Cir. 2011); 20 C.F.R. § 404.1520(1)(4)(iv).

After reviewing the record, the ALJ determined Plaintiff could conduct light work with "an additional breathing limitation." (R. at 42). With this RFC in mind, the ALJ determined that Plaintiff was able to perform her past work as an office manager as it is generally performed in the national economy. (*Id.* at 42).[6]

Plaintiff argues that in making that latter determination, the ALJ failed to first make a finding of the physical requirements and demands of her past work as an office manager (and, as a result, failed to rely on substantial evidence in deciding that she could perform the duties of an office manager as it is generally performed). (Pl.'s Mem. at 31-35). But, that argument is off the mark. In determining whether Plaintiff could perform her past relevant work or the job duties of that work as it is generally performed, the ALJ reviewed Plaintiff's employment history and obtained testimony from a vocational expert who testified that Plaintiff's past work as an office manager amounted to light work as generally performed according to the Dictionary of Occupational Titles. (R. at 42, 85). In factually similar cases, the Eleventh Circuit has found that reliance on either the Dictionary of Occupational Titles or testimony by a vocational expert satisfies the substantial evidence standard. *See, e.g.*, *Simpson v. Com's of Soc. Sec.*, 423 Fed. App'x 882, 885 (11th Cir. 2011); *see also McGhee v. Soc. Sec. Admin, Comm'r*, 826 Fed. App'x 894, 895 (citations omitted) ("When determining whether a claimant can perform past relevant work, the

---

[6] While there may be some question in the record as to whether Plaintiff's past job as an office manager required lifting more than twenty pounds (thus constituting medium work), the VE testified that the job of an office manager as it is generally performed in the national economy is classified as light work.

ALJ may rely on the testimony of a [vocational expert] as well as the [Dictionary of Occupational Titles] and information that the claimant provides about their work history.").

Because the ALJ properly relied on testimony by a vocational expert, as well as the Dictionary of Occupational titles, the ALJ relied on substantial evidence in making his determination that Plaintiff can perform the job of an office manager as it is generally performed in the national economy. Therefore, this argument is also without merit.

## 2.     The ALJ Properly Relied on Testimony By the Vocational Expert

For the testimony of a vocational expert to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *McGhee*, 826 Fed. App'x at 895-96 (quoting *Wilson*, 284 F.3d at 1227). Plaintiff maintains this never occurred because "the hypothetical question relied upon by the ALJ in denying benefits did not fully state Plaintiff's impairments and limitations." (Pl.'s Mem. at 37).

To be clear, the substance of Plaintiff's challenge is not to the manner the ALJ questioned the vocational expert -- which assumed that Plaintiff could conduct light work with an additional breathing limitation.  Rather the challenge is to the ALJ's prior decision that Plaintiff could conduct light work with only a breathing limitation.[7] Plaintiff does not assert that the ALJ committed any particular error (outside of those errors addressed elsewhere in this opinion); nor does Plaintiff identify any specific limitation that should have been included in the hypothetical.

---

[7] Plaintiff's counsel, despite repeated cautions by this court to the contrary, has taken a "shotgun" approach in this argument section (as well as in the rest of the briefing). Plaintiff's counsel raises no less than seven arguments in the span of a short paragraph: (1) the ALJ's determination Plaintiff could conduct light work "is not based on substantial evidence," (2) "[t]he ALJ improperly disregarded the opinion of [Dr. Herrera]," (3) "[t]he ALJ erred in holding the daily activities diminish [P]laintiff's credibility," (4) "[t]he ALJ failed to properly assess [Plaintiff]'s fibromyalgia," (5) "[t]he ALJ also has relied on Vocational Expert testimony that was not based on a correct or full statement of [Plaintiff]'s limitations and impairments," (6) "[t]he testimony of the Vocational Expert was not substantial evidence of ability to work because the hypothetical question relied upon did not accurately state [Plaintiff]'s pain level or her residual functional capacity," and (7) "[t]he hypothetical question assumed [Plaintiff] could work." (Pl.'s Mem. at 37). Such an approach by counsel does not assist his clients. Regardless, this opinion deals with arguments two, three, and four elsewhere. And, arguments one, five, six, and seven are essentially the same: the ALJ erred in deciding that Plaintiff could perform light work with only an additional breathing limitation.

When presenting a hypothetical to a vocational expert, an ALJ is not required to include findings that he has properly rejected as unsupported by the record. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Here, as discussed above, the ALJ considered Plaintiff's pain and limitations in determining that she has a "residual functional capacity to perform light work." (R. 38). In asking the VE to opine on whether Plaintiff was capable of performing her past relevant work as an office manager, the ALJ repeated back all of these "limitations and impairments." (R. 79-80).[8] And, Plaintiff does not specify any impairment or limitation that the ALJ omitted in her hypothetical question upon which the VE relied on in providing her opinion. Thus, the ALJ properly relied on the VE's opinion in finding that Plaintiff is capable of performing her past relevant work as an office manager. (R. 42).

### D.     Plaintiff Failed to Establish that Her Fibromyalgia Caused Additional or Disabling Limitations

Finally, Plaintiff maintains the ALJ failed to conduct a proper analysis of her fibromyalgia. (Pl.'s Mem. at 35-36). In particular, Plaintiff asserts that the ALJ erred by requiring Plaintiff to show objective clinical findings of her reported fibromyalgia symptoms.[9] But, Plaintiff mischaracterizes the ALJ's analysis of her fibromyalgia.

The existence of an impairment does not reveal to what extent a claimant is unable to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Also, "[t]he mere fact that the ALJ

---

[8] Also, while the ALJ did not proceed to step five of the analysis, the VE opined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform given her RFC, age, education, and work experience. (*See* R. 79-82).

[9] Plaintiff also contends "that the ALJ failed to conduct a proper analysis of Claimant's fibromyalgia under SSR 12-2p." (Pl.'s Mem. at 35). SSR 12-2p provides guidance to ALJs on how to determine if a claimant has a medically determinable impairment of fibromyalgia and how to evaluate fibromyalgia in disability claims. But, Plaintiff fails to explain how the ALJ acted contrary to SSR 12-2p. Accordingly, the court deems this argument waived. However, even if Plaintiff had not waived this argument, it would not have merit — the ALJ followed the rule, which requires the ALJ to "ensure there is sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity." SSR 12-2p.

determined that [a claimant's] fibromyalgia was a 'severe impairment' … does not mean that the ALJ was required to attribute severe pain to her fibromyalgia." *Laurey v. Comm'r of Soc. Sec.*, 632 Fed. App'x 978, 988 n.5 (11th Cir. 2015). Rather, after step two of the analysis, the ALJ must take into account "the 'combined impact' of a claimant's impairments on her ability to work." *Id.* (citing 20 C.F.R. §§ 404.1520(c), 404.1523).

Here, in step two of the analysis, the ALJ listed fibromyalgia as one of Plaintiff's severe impairments. (R. 34). Then, in step three, the ALJ evaluated fibromyalgia under Listing 14.09D for inflammatory arthritis, as there is no specific listing for fibromyalgia. (R. 37). Finally, in determining Plaintiff's RFC, the ALJ considered all symptoms (including fibromyalgia) and the extent those symptoms were consistent with objective medical evidence. (R. 38). Also, the ALJ noted when statements about intensity or limiting effect of pain are not supported by objective medical evidence, he must consider other evidence in the record to evaluate the claimant's ability to do work-related activities. (R. 39). Specifically as to fibromyalgia, the ALJ noted that the record indicates Plaintiff was asymptomatic other than possible chronic pain; that, in a February 2019 rheumatology visit, Plaintiff had only three fibromyalgia tender points; and that Plaintiff's fibromyalgia remained stable until the additional medicines were added to her treatment plan in March 2019. (R. 40-41). The ALJ did not err in his evaluation of Plaintiff's pain in general.

For the same reasons as provided above, substantial evidence supports the ALJ's decision in evaluating Plaintiff's alleged disabilities due to pain and determining that Plaintiff's daily activities diminish the persuasiveness of her pain allegations.

## VI.  Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this decision. Accordingly, the Commissioner's final decision is due to be affirmed.

A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this February 10, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE